CHRISTINE SAMMARTINO, TRUSTEE, ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF ANDOVER ET AL.

SUPERIOR COURT      JUDICIAL DISTRICT OF      FILE No. 29689
TOLLAND

Memorandum filed August 12, 1983

*James F. Meehan* and *Skelley, Clifford, Vinkels, Williams & Rottner,* for the plaintiffs.

*Thomas P. Byrne,* for the defendants.

KELLY, J. The plaintiffs have moved to disqualify Thomas P. Byrne, then counsel for the defendant planning and zoning commission of the town of Andover, the members of that commission, and David Paine, the building inspector of Andover, from further represen-

tation of the defendants pursuant to Canons 4 and 9 of the Code of Professional Responsibility (Code). Canon 4 of the Code enjoins counsel to preserve the confidences and secrets of a client and Canon 9 imposes on counsel the obligation to avoid even the appearance of professional impropriety. The plaintiffs claim that Byrne was privy to confidential information while he allegedly served as the plaintiffs' attorney during the preliminary stages of the present case. They argue, therefore, that Canons 4 and 9 require his disqualification. Byrne disputes the plaintiffs' contention and maintains that while he did render a legal opinion concerning an issue being adjudicated here, it was solely for the benefit of the plaintiffs' counsel. Byrne avers that he never had dealings with the plaintiffs themselves on any matter related to this litigation and, therefore, never participated in an attorney-client relationship with them.

The plaintiffs seek to build ten apartment units on five plus acres of land in the town of Andover. In order to construct these apartments, they must acquire a change of zone from a commercial to a garden apartment district. Under Andover regulations, a garden apartment must be constructed on a parcel of land containing a minimum of five acres. A portion of the plaintiffs' acreage is in an area designated as a flood plain district resulting in less than five acres of their property being outside the flood plain. The defendant planning and zoning commission of the town of Andover (zoning commission) allegedly took the position that the plaintiffs' property lying within the flood plain could not be considered in determining whether their lot fulfilled the five acre requirement for the construction of garden apartments.

On January 22, 1982, the plaintiffs' attorneys, with the plaintiffs' knowledge and consent, revealed this position apparently adopted by the zoning commission

to Byrne and sought his opinion on the matter. In order to elaborate on their request, the plaintiffs' attorneys forwarded to Byrne a memorandum of law which set forth the facts of this case and outlined the argument they intended to offer in defense of using the flood plain portion of the plaintiffs' land for purposes of fulfilling the five acre requirement. Byrne rendered his opinion on January 28, 1982, for which he billed the plaintiffs' attorneys directly. The plaintiffs instituted this case on March 24, 1983, alleging that the zoning commission improperly refused to hear their application for a zone change. On April 18, 1983, Byrne filed an appearance for the defendants including the zoning commission. Whether Byrne established an attorney-client relationship between himself and the plaintiffs by rendering legal advice to the plaintiffs' counsel, thereby making himself liable to disqualification, is in issue. The court concludes that he did.

The Superior Court has inherent and statutory authority to regulate the conduct of attorneys which encompasses the duty to enforce the Code. *State* v. *Jones,* 180 Conn. 443, 448, 429 A.2d 936 (1980). When enforcing the Code, the court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or for a conflict of interest. Id. " 'An attorney should be disqualified pursuant to Canon 4 if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior litigation.' *State* v. *Jones,* supra, 449. Where, as here, the change in sides occurs in the same litigation, the satisfaction of the substantial relationship test is self-evident." *Goldenberg* v. *Corporate Air, Inc.,* 189 Conn. 504, 511, 457 A.2d 296 (1983). The determinative question in deciding the plaintiffs' motion to disqualify, then, is whether the plaintiffs are former clients of Byrne.

The purpose of Canon 4 is to encourage unbridled and thorough communication between clients and their attorneys. "The client must be secure in his belief that his lawyer will never disclose secrets confided in him." *Doe* v. *A Corporation,* 330 F. Sup. 1352, 1354 (S.D. N.Y. 1971), aff'd sub nom. *Hall & A. Corporation,* 453 F.2d 1375 (2d Cir. 1972). "We do not think that titles have much to do with the real problem here. . . . It is the work done for the client . . . which is crucial in determining whether the obligation of [Canon 4] arises" and not whether the attorney dealt with the client in a face to face relationship or conducted the trial. *Consolidated Theatres* v. *Warner Bros. Circuit Management Corporation,* 216 F.2d 920, 927 (2d Cir. 1954) (interpreting the old Canon 6 which was incorporated in Canon 4 of the Code). Wise, Legal Ethics 65 (1970). Regardless of the fact that Byrne did not perceive himself to be the plaintiffs' attorney and that he may technically have been referred to as no more than counsel for the plaintiffs' attorneys, he performed a legal service which brought him into contact with confidential information about the plaintiffs' plans. That was enough to give rise to the obligation of Canon 4. Indeed, Disciplinary Rule DR 4-101 (D) establishes that employees of an attorney and "others whose services are utilized by him" are to preserve the confidences and secrets of the attorney's client. Only in this manner can the spirit of the rule relating to privileged communications be maintained.

"Every client has a right to expect that his lawyer will not disclose his secrets. To protect this right, courts will not inquire whether the lawyer has, in fact, used confidential information to the client's detriment because such inquiry would require the revelation of the very information the canon is designed to protect. . . . Where the opportunity for disclosure of confidential information to an adversary is shown, the

breach of confidence would not have to be proved; it is presumed in order to preserve the spirit of the Code." *Goldenberg* v. *Corporate Air, Inc.,* supra, 512.

Accordingly, the motion to disqualify is granted.